IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN J. FLYNN, JAMES BOLAND, GERALD O'MALLEY )
KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT )
EUGENE GEORGE, ROBERT HOOVER, )
MATTHEW AQUILINE, GREGORY R. HESS, )
MICHAEL SCHMERBECK, VINCENT DELAZZERO, )
BENJAMIN CAPP, and WILLIAM MCCONNELL, )
as Trustees of, and on behalf of the )
BRICKLAYERS & TROWEL TRADES INTERNATIONAL )
PENSION FUND, )
  620 F Street, NW, Suite 700 )
  Washington, DC  20004-1604 )
  (202) 783-3788, )
    )
          Plaintiffs, )
    )
       v. )    Civil Action No.____
    )
TERRAZZO & RESILIENT FLOORS, INC. )
  4223 Mahoning Road NE )
  Canton, OH 44705-4844, )
    )
MJK ENTERPRISES, INC. )
  4223 Mahoning Road NE )
  Canton, OH 44705-4844, )
    )
JEFFREY KOHMANN, INDIVIDUALLY )
  13255 Kaufman Avenue NW )
  Hartville, OH 44632-9040, )
    )
and )
    )
MICHELLE KOHMANN, INDIVIDUALLY )
  13255 Kaufman Avenue NW )
  Hartville, OH 44632-9040, )
    )
          Defendants. )
    )

## **COMPLAINT**

     Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO LLP, complaining of the

Defendants, allege as follows:

2404354

## CAUSE OF ACTION

### Jurisdiction and Venue

1.    This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF") to enforce the terms of the Plan and Trust Agreements adopted by the IPF and the provisions of Section 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1451.[1] This action arises under the laws of the United States, specifically Sections 4212(c) and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1392(c) and 1451(a)(1) and (b).  Pursuant to Section 4301(c) of ERISA, 29 U.S.C. § 1451(c), jurisdiction is therefore conferred on the Court.

2.    The IPF is administered in the District of Columbia.  Venue is conferred on this Court pursuant to Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), which provides:

> An action under this section may be brought in the district where the plan is administered or where a defendant resides or does business, and process may be served in any district where a defendant resides, does business, or may be found.

### Parties

3.    Plaintiffs are John J. Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Robert Hoover, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck,Vincent DeLazzero, Benjamin Capp, and William McConnell, all of whom are Trustees of, and sue on behalf of, the IPF.  The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer

---

[1]  As required by LCvR 40.5, Plaintiffs notify Judge Walton and the Clerk of this Court that Plaintiffs file the present Complaint as a matter related to their original Complaint seeking Withdrawal Liability recovery from Defendant Terrazzo & Resilient Floors, Inc., *Flynn v. Terrazzo & Resilient Floors, Inc.*, 1:06-CV-02185.

2404354

plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action in their respective capacities as fiduciaries on behalf of, and for the benefit of, the participants and beneficiaries of the IPF.

4.      Upon information and belief, Defendant Jeffrey Kohmann was the controlling owner and an officer (Vice President) of Terrazzo & Resilient Floors, Inc. ("Terrazzo") and is currently the principal officer (President) and controlling owner of Defendant MJK Enterprises, Inc. ("MJK").

5.      Upon information and belief, Defendant Michelle Kohmann, wife of Jeffrey Kohmann, is a principal officer (President and Treasurer) and controlling owner of Defendant Terrazzo and a principal officer (Secretary and Treasurer) of MJK. She is the daughter of Terrazzo's previous, deceased owner, Harry Bernardon.

6.      Defendant Terrazzo is a building and construction industry employer maintaining offices and conducting business in the state of Ohio. Terrazzo has employed members of the International Union of Bricklayers and Allied Craftworkers or its affiliates ("Union").

7.      Defendant MJK Enterprises, Inc. is a company maintaining offices and conducting business in the state of Ohio.

8.      Terrazzo and MJK are, and were, owned, operated, and controlled by the Kohmanns.

**Violation Charged: Defendant's Scheme to Evade or Avoid Withdrawal Liability**

9.      Defendant Terrazzo, acting by and through its authorized agents or officers, executed a collective bargaining agreement ("CBA") with the Union.

2404354

10.    Terrazzo terminated its CBA with the Union on or about April 2005.

11.    Pursuant to Section 4203(b) of ERISA, 29 U.S.C. § 1383(b), a building and construction industry employer withdraws from a plan if the employer ceases to have an obligation to contribute under the plan and either (i) continues to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required, or (ii) resumes such work within five years after the date on which the obligation to contribute under the plan ceases.

12.    By the notice attached hereto as Exhibit A, the IPF determined that Defendant Terrazzo had withdrawn from the IPF within the meaning of Section 4203(b) of ERISA, 29 U.S.C. § 1383(b), by continuing to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required. The IPF notified Defendant Terrazzo of its liability under Sections 4201 and 4219 of ERISA, 29 U.S.C. §§ 1381 and 1399 ("Withdrawal Liability") of $29,091.00, and demanded payment as provided by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1).

13.    Pursuant to the notice sent by the IPF, Defendant Terrazzo was obligated to submit $2,129.94 on or before November 8, 2005. Thereafter, Terrazzo was obligated to pay $2,129.94 per month for 12 additional months, and a final payment of $1,842.51. *See* Letters dated September 8, 2005, September 20, 2006, and October 18, 2006, attached hereto as Exhibits A, B, and C.

14.    Despite due demand, Defendant Terrazzo did not make a single payment on its Withdrawal Liability as required.

4

15.    Defendant Terrazzo also failed to request review of its Withdrawal Liability or initiate arbitration pursuant to its rights under Sections 4219(b)(2)(A) and 4221(a) of ERISA, 29 U.S.C. §§ 1399(b)(2)(A) and 1401(a).

16.    Defendant Terrazzo's failure to make payment as required on its Withdrawal Liability constituted a default under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

17.    Under Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), Terrazzo's default was treated in the same manner as a delinquency.

18.    On December 22, 2006, Plaintiffs filed a Complaint against Defendant Terrazzo with this court, attached hereto as Exhibit D, seeking relief for the full Withdrawal Liability, in the amount of $29,091.00, in addition to interest, additional interest or liquidated damages assessed on the overdue Withdrawal Liability, and the amount incurred by Plaintiffs for attorney's fees and costs.

19.    On February 6, 2007, Defendant Terrazzo filed an Answer to that Complaint.

20.    Plaintiffs and Defendant Terrazzo engaged in limited discovery and subsequently agreed upon terms of settlement by an immediate entry of judgment against Defendant Terrazzo in the amount of $35,000.00, with the sum to be paid by Terrazzo to Plaintiffs in fourteen monthly installments.

21.    Before the parties could reduce such settlement to writing, Terrazzo's refusal to go through with the agreed terms of settlement was communicated to IPF's counsel by Terrazzo's counsel at the final status conference at which the parties had agreed to inform the Court that the case had been settled.  Counsel for Terrazzo informed counsel for IPF that his client had reneged, and that he had no control over his client with regard to this decision.

5

22.    On July 11, 2007, this Court entered a stipulated judgment, attached hereto as Exhibit E, in the amount of $29,091.00, for the Withdrawal Liability owed by Defendant Terrazzo ("Judgment").

23.    Terrazzo has not satisfied said Judgment.

24.    The Defendants thereafter devised a scheme to evade or avoid their Withdrawal Liability obligations, and avoid execution of the Judgment on the assets of Defendant Terrazzo.

25.    On August 1, 2007, shortly after the Judgment was entered, Michelle Kohmann, as president of Terrazzo, transferred a host of assets, including equipment, vehicles, and the use of phone lines and customer file records, to MJK, for inadequate consideration, consisting of $1.00 and/or a promissory note from MJK. Following this transfer, Defendant Terrazzo, upon information and belief, had insufficient assets to satisfy the Judgment.

26.    Upon information and belief, Defendants Terrazzo and MJK are alter egos in that MJK is currently operating out of the same office space once occupied by Defendant Terrazzo, using the same equipment, servicing the same customers, and has common officers.

27.    Pursuant to Section 4212(c) of ERISA, 29 U.S.C. § 1392(c), "if a principal purpose of any transaction is to evade or avoid liability," then "liability shall be determined and collected without regard to such transaction." A transaction meets this definition if (1) the consummation of the transaction allows the evasion and avoidance of withdrawal liability, and (2) a principal purpose of the transaction is the evasion and avoidance of withdrawal liability. Pursuant to this provision, any assets that were the subject of the transaction may be recovered from the transferee.

6

2404354

28.    Section 4212(c) of ERISA, 29 U.S.C. § 1392(c), and Section 4301(a)(1) of
ERISA, 29 U.S.C. § 1451(a)(1), read together, permit a right of action to be brought against
individual defendants who do not otherwise fall within the definition of "employer" if they (1)
"adversely affected" a plan fiduciary, plan participant, or beneficiary by (2) seeking to evade or
avoid withdrawal liability.

29.    In this instance, Defendants, upon information and belief, conspired and
orchestrated a scheme whereby:

(a)    Terrazzo incurred Withdrawal Liability;

(b)    Defendants Jeffrey and Michelle Kohmann were aware of Terrazzo's Withdrawal
       Liability obligations in light of Plaintiffs' notices dated September 8, 2005,
       September 20, 2005, and October 18, 2006;

(c)    Terrazzo agreed to entry of judgment and reneged on said agreement;

(d)    Defendants Jeffrey and Michelle Kohmann executed a scheme with a principal
       purpose being to evade or avoid Judgment against Terrazzo, in that:

       (1)    Michelle Kohmann transferred Terrazzo's assets to MJK for
              inadequate consideration, consisting of $1.00 and/or a
              promissory note from MJK;

       (2)    Following this transfer, Defendant Terrazzo has inadequate
              assets to satisfy the Judgment;

       (3)    With the result that Terrazzo avoided the Judgment and the
              Kohmmans continued to operate as MJK.

(e)    This transaction adversely affected the IPF in that it was, and is, unable to collect
       its Judgment.

30.    Upon information and belief, Defendants Jeffrey and Michelle Kohmann entered into the sale of assets between Terrazzo and MJK in order to evade and avoid the Withdrawal Liability owed by Terrazzo, with the result that Terrazzo has avoided Judgment.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1.    For the transaction between Terrazzo and MJK to be disregarded, such that Plaintiffs may recover from Defendants the Withdrawal Liability owed by Defendant Terrazzo, in the amount of $29,091.00, representing the full Withdrawal Liability due and owing upon a default under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5);

2.    For interest assessed on the unpaid Withdrawal Liability from the due date for payment under Sections 4301(b) and 502(g)(2)(B) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(B);

3.    For additional interest or liquidated damages assessed on the overdue Withdrawal Liability under Sections 4301(b) and 502(g)(2)(C) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D);

4.    The amount incurred, and continuing to be incurred, by Plaintiffs for attorney's fees and costs of this action under Sections 4301(b) and 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D); and

2404354

5.      Such other legal or equitable relief as this Court deems appropriate, including judgment for interest thereon that may accrue subsequent to the filing of this Complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: March 21, 2008

By: _____
     Ira R. Mitzner, DC Bar No. 184564
     Charles V. Mehler III, DC Bar No. 475909
     Johnisha Matthews, DC Bar No. 492478
     DICKSTEIN SHAPIRO LLP
     1825 Eye Street, NW
     Washington, DC  20006-5403
     (202) 420-2200
     (202) 420-2201

     Attorneys for Plaintiffs

2404354

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOHN FLYNN, et al. | TERRAZZO & RESILIENT FLOORS, INC. MJK ENTERPRISES, INC. JEFFREY KOHMANN, INDIVIDUALLY MICHELLE KOHMANN, INDIVIDUALLY |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ira R. Mitzner (202) 785-9700
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, NW, Washington DC 20037

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊗ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊛ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊗ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
ERISA - Complaint filed for recovery of Withdrawal Liability - 29 U.S.C. Sections 1451 and 1399

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ Check YES only if demanded in complaint<br>**JURY DEMAND:**    YES ☐    NO ☒ |
|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE 3/21/08    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Exhibit A



# Bricklayers & Trowel Trades International Pension Fund

Suite 750, 1776 Eye Street, Northwest Washington, D.C. 20006
Phone: (202)/638-1996
Fax: (202)/347-7339
http://www.ipfihf.org

September 8, 2005

Terrazzo and Resilient Floors, Inc.
C/O Jeff Kohmann
4223 Louisville Rd. N.E.
Canton, OH 44705

Dear Mr. Kohmann:

The Bricklayers & Trowel Trades International Pension Fund ("IPF") has
determined that Terrazzo and Resilient Floors, Inc. has ceased to have an
obligation to contribute to the IPF and the firm has continued to perform work in
the jurisdiction of the collective bargaining agreement of the type for which
contributors were previously required. In accordance with the provisions of the
Multiemployer Pension Plan Agreements Act of 1980 ("MPPAA"), we have
calculated your Employer Withdrawal Liability ("EWL") to be $29,091.00. The
basis for this EWL is contained in the attached report from the IPF Actuary.

Also, in accordance with the MPPAA, the Board of Trustees has adopted a
monthly payment schedule for satisfaction of this EWL. Pursuant to this
schedule, you are required to pay the IPF $2,129.94 for 13 months plus a final
payment of $1,842.51. This payment schedule reflects an amortization of the
total EWL over the number of months indicated above.

The first payment must be made within 60 days of the date of this letter.
Thereafter, payment must be made no later that the 15th day of the month
following the month payment is due (the "Due Date"). If payment is not received
by November 8, 2005, you will be subject to interest, liquidated damages, costs
and/or attorney's fees, in accordance with the IPF's collection procedures.

Should there be any questions regarding this matter, please contact the Fund office in writing.

Sincerely,

David F. Stupar
Executive Director

cc: Ira R. Mitzner Fund Counsel
Brett J. Trissel BAC Local 6 OH
Robert A. Fozio, NOADC

enclosures

Exhibit B

# **DICKSTEIN**SHAPIRO<sub>LLP</sub>

1825 Eye Street NW  |  Washington, DC 20006-5403
TEL (202) 420-2200  |  FAX (202) 420-2201  |  dicksteinshapiro.com


September 20, 2006


**By Facsimile & U.S. Mail**

Brian C. Layman, Esq.
Zollinger, D'Atri, Gruber, Thomas & Co.
6370 Mt. Pleasant St. N.W.
P.O. Box 2985
North Canton, OH 44720-0985


Re:    Withdrawal Liability of Terrazzo & Resilient Floors, Inc.

Dear Mr. Layman:

    On September 8, 2005, David F. Stupar, Executive Director of the Bricklayers and Trowel Trades International Pension Fund ("IPF"), sent Terrazzo & Resilient Floors, Inc. ("Terrazzo") a demand for Employer Withdrawal Liability ("EWL"), along with attached reports from the IPF's actuary setting forth the basis for the EWL owed by the company. The EWL demand indicated that Terrazzo owed EWL in the amount of $29,091.00, pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and the IPF's Withdrawal Liability Procedures. The EWL demand further explained that Terrazzo is required to make interim EWL payments to the IPF reflecting amortization of the total EWL over a number of months. Specifically, Terrazzo is required to pay the IPF $2,129 for 13 months plus a final payment of $1,842.51.

    On September 20, 2005, you responded to Mr. Stupar's letter, informing him that Terrazzo ceased to perform work of the type for which the company was previously required to contribute to the IPF. Based on your representation on behalf of Terrazzo, we did not pursue EWL. However, we recently have learned that Terrazzo has been performing (and may previously have performed) covered work in the same geographical location, but not under a collective bargaining agreement. Accordingly, we are giving Terrazzo 14 days from the date of this letter, or until October 3, 2006, to acknowledge the EWL owed by Terrazzo. Should we not hear from you by this date, your client may be deemed in default and the IPF may enforce its rights to the EWL owed plus any other damages recoverable under ERISA and/or the IPF procedures.

    If you have any questions, please give me a call.

**DICKSTEIN**SHAPIRO LLP

Mr. Layman
Page 2
September 20, 2006


Very truly yours,

Ira R. Mitzner
(202) 828-2234
mitzneri@dicksteinshapiro.com

IRM/jm

cc:    David F. Stupar, Executive Director, IPF
       Michael Murphy, Director, Revenue Accounting, IPF
       Craig Weir, Editor, IPF

DSMDB.2145869.01

Exhibit C

# **DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW  |  Washington, DC 20006-5403
TEL (202) 420-2200  |  FAX (202) 420-2201  |  dicksteinshapiro.com

October 18, 2006

**By Facsimile & U.S. Mail**

John C. Ross, Esq.
Buckingham Doolittle & Burroughs, LLP
4518 Fulton Drive NW
Canton, OH 44718

Re:    <u>Withdrawal Liability of Terrazzo & Resilient Floors, Inc.</u>

On September 8, 2005, David F. Stupar, Executive Director of the Bricklayers and Trowel Trades International Pension Fund ("IPF"), sent Terrazzo & Resilient Floors, Inc. ("Terrazzo") a demand for Employer Withdrawal Liability ("EWL"), along with attached reports from the IPF's actuary setting forth the basis for the EWL owed by this company. The EWL demand indicated that Terrazzo owed EWL in the amount of $29,091.00, pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and the IPF's Withdrawal Liability Procedures. The EWL demand further explained that Terrazzo is required to make interim EWL payments to the IPF reflecting an amortization of the total EWL over a number of months. Specifically, Terrazzo is required to pay the IPF $2,129 for 13 months plus a final payment of $1,842.51.

In addition, the September 8, 2005 demand letter instructed Terrazzo that its first interim EWL payment was required to be made within 60 days of September 8, 2005, or by November 8, 2005. On September 20, 2005, Terrazzo's attorney at the time, Bryan C. Layman, responded to Mr. Stupar's letter, informing him that Terrazzo ceased to perform work of the type for which the company was previously required to contribute to the IPF. Based on his representation on behalf of Terrazzo, we did not pursue EWL.

However, we recently have learned that Terrazzo has been performing (and may previously have performed) covered work in the same geographical location, not under a collective bargaining agreement. On September 20, 2006, we sent Mr. Layman a letter extending Terrazzo 14 days, or until October 3, 2006, to acknowledge the EWL owed by Terrazzo. On October 3, 2006, you contacted us regarding this matter, and informed us that you are currently representing Terrazzo. At this time, we discussed Terrazzo's EWL obligation, but have made no additional progress toward resolving the matter. The IPF has yet to receive an EWL payment from Terrazzo.

Accordingly, Terrazzo is hereby notified that it has 60 days from the date of this letter to make its first interim EWL payment. If Terrazzo does not make this initial payment within 60 days, or on or before December 17, 2006, it will be deemed in default pursuant to 29 U.S.C. §

Washington, DC  |  New York, NY  |  Los Angeles, CA

DSMDB.2159544.01

**DICKSTEIN**SHAPIRO LLP

John C. Ross, Esq.
October 18, 2006
Page 2

§ 1399(c)(5) and the IPF Withdrawal Liability Procedures. At that point, the IPF will be entitled to immediate payment of the total outstanding EWL, plus accrued interest on the total outstanding liability from the due date of the first payment that was not timely made, plus any other damages recoverable under ERISA and/or the IPF procedures.

Should you have any questions, please give me a call.

Very truly yours,

Ira R. Mitzner
(202) 828-2234
mitzneri@dicksteinshapiro.com

IRM/jm
cc:     David F. Stupar, Executive Director, IPF
        Michael Murphy, Director, Revenue Accounting
        Craig Weir, Editor, IPF

Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN J. FLYNN, JAMES BOLAND, GERALD O'MALLEY )
KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT )
EUGENE GEORGE, PAUL SONGER, CHARLES )
VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, )
MICHAEL SCHMERBECK, VINCENT DELAZZERO, )
and BEN CAPP, JR, as Trustees of, and on behalf of the )
BRICKLAYERS & TROWEL TRADES INTERNATIONAL )
PENSION FUND, )
  620 F Street, NW, Suite 700 )
  Washington, DC  20004-1604 )
  (202) 783-3788, )

          Plaintiffs,

          v.

TERRAZZO & RESILIENT FLOORS, INC.
  4223 Louisville Street NE
  Canton, OH 44705,

          Defendant.

CASE NUMBER  1:06CV02185

JUDGE: Reggie B. Walton

DECK TYPE: Labor/ERISA (non-employme:

DATE STAMP: 12/█/2006

## COMPLAINT

     Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO LLP, complaining of the

Defendant, allege as follows:

### CAUSE OF ACTION

### Jurisdiction and Venue

    1.     This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades

International Pension Fund ("IPF") to enforce the terms of the Plan and Trust Agreements

adopted by the IPF and the provisions of Section 4301 of the Employee Retirement Income

Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1451.  This action arises under the

laws of the United States, specifically Section 4301(a)(1) of ERISA, 29 U.S.C. § 1451(a)(1).

2188368.01

Pursuant to Section 4301(c) of ERISA, 29 U.S.C. § 1451(c), jurisdiction is therefore conferred on the Court.

2.      The IPF is administered in the District of Columbia. Venue is conferred on this Court pursuant to Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), which provides:

> An action under this section may be brought in the district where the plan is administered or where a defendant resides or does business, and process may be served in any district where a defendant resides, does business, or may be found.

### Parties

3.      Plaintiffs are John J. Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Paul Songer, Charles Velardo, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero, and Ben Capp, Jr., all of whom are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action in their respective capacities as fiduciaries on behalf of, and for the benefit of, the participants and beneficiaries of the IPF.

4.      Defendant, Terrazzo & Resilient Floors, Inc. ("Terrazzo"), is, and at all times hereinafter mentioned was, a business maintaining offices in Ohio and conducting business in Ohio.

5.      Defendant, Terrazzo, is a building and construction industry employer that has employed members of the International Union of Bricklayers and Allied Craftworkers ("Union") or its affiliates.

2

## Violation Charged

6.      Defendant, Terrazzo, acting by and through its authorized agents or officers, executed a collective bargaining agreement with the Union.

7.      Pursuant to Section 4203(b) of ERISA, 29 U.S.C. § 1383(b), a building and construction industry employer withdraws from a plan if the employer ceases to have an obligation to contribute under the plan and either (i) continues to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required, or (ii) resumes such work within five years after the date on which the obligation to contribute under the plan ceases.

8.      By the notice attached hereto as Exhibit A, the IPF determined that Defendant, Terrazzo, had withdrawn from the IPF within the meaning of Section 4203(b) of ERISA, 29 U.S.C. § 1383(b), notified it of its liability under Sections 4201 and 4219 of ERISA, 29 U.S.C. §§ 1381 and 1399 ("Withdrawal Liability") of $29,091.00, and demanded payment as provided by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1).

9.      Pursuant to the notice sent by the IPF, Defendant was obligated to submit $2,129.94 on or before November 8, 2005.  Thereafter, Defendant was obligated to pay $2,129.94 per month for 12 additional months, and a final payment of $1,842.51.  *See* letters dated September 8, 2005, September 20, 2006, and October 18, 2006, attached hereto as Exhibits A, B, and C.

10.     Despite due demand, Defendant, Terrazzo, has not paid its Withdrawal Liability as required.  To date, Defendant, Terrazzo, has failed to submit a single payment for Withdrawal Liability to the IPF.  Defendant therefore is in default, and the full Withdrawal Liability is due. Section 4219(c)(5) of ERISA, 29 U.S.C. 1399(c)(5).

2188368.01

11.     Defendant Terrazzo's failure to make payment as required on its Withdrawal Liability constitutes a default and shall be treated in the same manner as a delinquent contribution under Sections 4219(c)(5) and 4301(b) of ERISA, 29 U.S.C. §§ 1399(c)(5) and 1451(b).

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1.     For the Withdrawal Liability owed by Defendant, Terrazzo, in the amount of $29,091.00, representing the full Withdrawal Liability due and owing upon a default under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5);

2.     For interest assessed on the unpaid Withdrawal Liability from the due date for payment under Sections 4301(b) and 502(g)(2)(B) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(B);

3.     For additional interest or liquidated damages assessed on the overdue Withdrawal Liability under Sections 4301(b) and 502(g)(2)(C) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D);

4.     The amount incurred by Plaintiffs for attorney's fees and costs of this action under Sections 4301(b) and 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D); and

2188368.01

5.   Such other legal or equitable relief as this court deems appropriate, including judgment for interest thereon that may accrue subsequent to the filing of this Complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: December 21, 2006

By: _____

Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
Johnisha Matthews, DC Bar No. 492478
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
(202) 420-2200
(202) 420-2201

Attorneys for Plaintiffs

5

EXHIBIT A

 **Bricklayers & Trowel Trades International Pension Fund**

Suite 750, 1776 Eye Street, Northwest Washington, D.C. 20006
Phone: (202)/638-1996
Fax:  (202)/347-7339
http://www.ipfihf.org

September 8, 2005

Terrazzo and Resilient Floors, Inc.
C/O Jeff Kohmann
4223 Louisville Rd. N.E.
Canton, OH  44705

Dear Mr. Kohmann:

The Bricklayers & Trowel Trades International Pension Fund ("IPF") has
determined that Terrazzo and Resilient Floors, Inc. has ceased to have an
obligation to contribute to the IPF and the firm has continued to perform work in
the jurisdiction of the collective bargaining agreement of the type for which
contributors were previously required. In accordance with the provisions of the
Multiemployer Pension Plan Agreements Act of 1980 ("MPPAA"), we have
calculated your Employer Withdrawal Liability ("EWL") to be $29,091.00. The
basis for this EWL is contained in the attached report from the IPF Actuary.

Also, in accordance with the MPPAA, the Board of Trustees has adopted a
monthly payment schedule for satisfaction of this EWL. Pursuant to this
schedule, you are required to pay the IPF $2,129.94 for 13 months plus a final
payment of $1,842.51. This payment schedule reflects an amortization of the
total EWL over the number of months indicated above.

The first payment must be made within 60 days of the date of this letter.
Thereafter, payment must be made no later that the 15th day of the month
following the month payment is due (the "Due Date"). If payment is not received
by November 8, 2005, you will be subject to interest, liquidated damages, costs
and/or attorney's fees, in accordance with the IPF's collection procedures.

Should there be any questions regarding this matter, please contact the Fund office in writing.

Sincerely,

David F. Stupar
Executive Director

cc: Ira R. Mitzner Fund Counsel
Brett J. Trissel BAC Local 6 OH
Robert A. Fozio, NOADC

enclosures

EXHIBIT B

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW  |  Washington, DC 20006-5403
TEL (202) 420-2200  |  FAX (202) 420-2201  |  dicksteinshapiro.com

September 20, 2006

**By Facsimile & U.S. Mail**

Brian C. Layman, Esq.
Zollinger, D'Atri, Gruber, Thomas & Co.
6370 Mt. Pleasant St. N.W.
P.O. Box 2985
North Canton, OH 44720-0985

Re:    Withdrawal Liability of Terrazzo & Resilient Floors, Inc.

Dear Mr. Layman:

On September 8, 2005, David F. Stupar, Executive Director of the Bricklayers and Trowel Trades International Pension Fund ("IPF"), sent Terrazzo & Resilient Floors, Inc. ("Terrazzo") a demand for Employer Withdrawal Liability ("EWL"), along with attached reports from the IPF's actuary setting forth the basis for the EWL owed by the company. The EWL demand indicated that Terrazzo owed EWL in the amount of $29,091.00, pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and the IPF's Withdrawal Liability Procedures. The EWL demand further explained that Terrazzo is required to make interim EWL payments to the IPF reflecting amortization of the total EWL over a number of months. Specifically, Terrazzo is required to pay the IPF $2,129 for 13 months plus a final payment of $1,842.51.

On September 20, 2005, you responded to Mr. Stupar's letter, informing him that Terrazzo ceased to perform work of the type for which the company was previously required to contribute to the IPF. Based on your representation on behalf of Terrazzo, we did not pursue EWL. However, we recently have learned that Terrazzo has been performing (and may previously have performed) covered work in the same geographical location, but not under a collective bargaining agreement. Accordingly, we are giving Terrazzo 14 days from the date of this letter, or until October 3, 2006, to acknowledge the EWL owed by Terrazzo. Should we not hear from you by this date, your client may be deemed in default and the IPF may enforce its rights to the EWL owed plus any other damages recoverable under ERISA and/or the IPF procedures.

If you have any questions, please give me a call.

Washington, DC  |  New York, NY  |  Los Angeles, CA

DSMDB.2145869.01

**DICKSTEIN**SHAPIRO LLP

Mr. Layman
Page 2
September 20, 2006

Very truly yours,

Ira R. Mitzner
(202) 828-2234
mitzneri@dicksteinshapiro.com

IRM/jm

cc:    David F. Stupar, Executive Director, IPF
        Michael Murphy, Director, Revenue Accounting, IPF
        Craig Weir, Editor, IPF

EXHIBIT C

**DICKSTEIN**SHAPIRO**LLP

1825 Eye Street NW  |  Washington, DC 20006-5403
TEL (202) 420-2200  |  FAX (202) 420-2201  |  dicksteinshapiro.com

October 18, 2006

**By Facsimile & U.S. Mail**

John C. Ross, Esq.
Buckingham Doolittle & Burroughs, LLP
4518 Fulton Drive NW
Canton, OH 44718

Re:    Withdrawal Liability of Terrazzo & Resilient Floors, Inc.

On September 8, 2005, David F. Stupar, Executive Director of the Bricklayers and
Trowel Trades International Pension Fund ("IPF"), sent Terrazzo & Resilient Floors, Inc.
("Terrazzo") a demand for Employer Withdrawal Liability ("EWL"), along with attached reports
from the IPF's actuary setting forth the basis for the EWL owed by this company. The EWL
demand indicated that Terrazzo owed EWL in the amount of $29,091.00, pursuant to the
Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and the IPF's Withdrawal
Liability Procedures. The EWL demand further explained that Terrazzo is required to make
interim EWL payments to the IPF reflecting an amortization of the total EWL over a number of
months. Specifically, Terrazzo is required to pay the IPF $2,129 for 13 months plus a final
payment of $1,842.51.

In addition, the September 8, 2005 demand letter instructed Terrazzo that its first interim
EWL payment was required to be made within 60 days of September 8, 2005, or by November 8,
2005. On September 20, 2005, Terrazzo's attorney at the time, Bryan C. Layman, responded to
Mr. Stupar's letter, informing him that Terrazzo ceased to perform work of the type for which
the company was previously required to contribute to the IPF. Based on his representation on
behalf of Terrazzo, we did not pursue EWL.

However, we recently have learned that Terrazzo has been performing (and may
previously have performed) covered work in the same geographical location, not under a
collective bargaining agreement. On September 20, 2006, we sent Mr. Layman a letter
extending Terrazzo 14 days, or until October 3, 2006, to acknowledge the EWL owed by
Terrazzo. On October 3, 2006, you contacted us regarding this matter, and informed us that you
are currently representing Terrazzo. At this time, we discussed Terrazzo's EWL obligation, but
have made no additional progress toward resolving the matter. The IPF has yet to receive an
EWL payment from Terrazzo.

Accordingly, Terrazzo is hereby notified that it has 60 days from the date of this letter to
make its first interim EWL payment. If Terrazzo does not make this initial payment within 60
days, or on or before December 17, 2006, it will be deemed in default pursuant to 29 U.S.C. §

Washington, DC  |  New York, NY  |  Los Angeles, CA                                          DSMDB.2159544.01

**DICKSTEIN**SHAPIRO LLP

John C. Ross, Esq.
October 18, 2006
Page 2

§ 1399(c)(5) and the IPF Withdrawal Liability Procedures.  At that point, the IPF will be entitled to immediate payment of the total outstanding EWL, plus accrued interest on the total outstanding liability from the due date of the first payment that was not timely made, plus any other damages recoverable under ERISA and/or the IPF procedures.

Should you have any questions, please give me a call.

Very truly yours,

Ira R. Mitzner
(202) 828-2234
mitzneri@dicksteinshapiro.com

IRM/jm
cc:    David F. Stupar, Executive Director, IPF
       Michael Murphy, Director, Revenue Accounting
       Craig Weir, Editor, IPF

Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FLYNN, et al.,          )

                   )

          Plaintiffs,     )

                   )

          v.         )   Civil Action No. 06-2185 (RBW)

                   )

TERRAZZO & RESILIENT FLOORS, INC.,   )

                   )

          Defendant.    )

                   )

*ECF*

## JUDGMENT

Plaintiffs having filed a Complaint on December 22, 2006, against Terrazzo & Resilient Floors, Inc. and the Parties having agreed to the entry of a judgment in this action, now upon the consent of Plaintiffs and Defendant, it is hereby

ORDERED, ADJUDGED AND DECREED that final judgment in favor of Plaintiffs and against Defendant Terrazzo & Resilient Floors, Inc. is hereby granted and judgment shall be entered as follows:

1.    That Plaintiffs John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H.J. Bramlett, Eugene George, Paul Songer, Charles Velarado, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero, and Ben Cap, Jr., all of whom are Trustees of, and sue on behalf of, the Bricklayers & Trowel Trades International Pension Fund ('IPF"), 620 F Street, N.W., Washington, DC 20004, recover from Defendant Terrazzo & Resilient Floors, Inc., 4223 Louisville Street NE, Canton, OH 44705, the sum of $29,091.00.

2276876.01

2.    That final judgment shall be entered on the docket in the total amount of $29,091.00 in favor of Plaintiffs and against Defendant Terrazzo & Resilient Floors, Inc.

ORDERED, ADJUDGED AND DECREED that Plaintiffs have execution therefor.

Dated: _July 11_, 2007

_____
Reggie B. Walton
United States District Court Judge

2276876.01